## G. B. TINGLE *v.* COMMONWEALTH.

**Criminal Law—Obstructing Highway.**

The non-user for thirty or forty years and use of another line of road well marked and defined and worked by the overseers is sufficient to establish the fact as between the commonwealth and the defendant that the road used was the county road, and there being evidence of these facts the defendant was entitled to an instruction presenting such defense.

### APPEAL FROM HENRY CRIMINAL COURT.

September 7, 1876.

OPINION BY JUDGE PRYOR:

The weight of the testimony establishes the fact that the road as marked out and defined by the report of the viewers is on the land of the appellant, or between the mulberry tree and the appellant's lien; still there is much evidence showing that this road was never used or traveled as a public road from Franklinton to the mouth of Dresson, but on the contrary many of the witnesses say that the road, as used and traveled for a period of forty years, was between the mulberry tree and the fence of Mrs. Green, and had been worked as such by the overseer. If the county has abandoned the use of the line of road as defined or had failed to use it as such for so long a period, and with no knowledge on the part of the appellant that it was the public road when he erected the fence, the penalty imposed by the statute should not be enforced against him.

The non-user for thirty or forty years and use of another line of road well marked and defined for that period, and worked by the overseers, is sufficient to establish the fact, as between the commonwealth and the appellant, that the road used was the county road; and there being evidence conducing to show this fact the appellant was entitled to an instruction presenting the defense, and the refusal to give such an instruction, coupled with the explanation

by the court as to the rights of Mrs. Green, was calculated to mislead the jury. If notice had been given appellant to move his fence as required by statute or he had had knowledge of the true location of the road when he erected his fence, the instructions given would have been proper. The judgment is *reversed* and cause remanded with directions to award a new trial and for further proceedings consistent with the opinion.

*William Carroll, for appellant. Moss, for appellee.*